UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
THERAPLANT, LLC                         :
                                            :
        Plaintiff,                    :
V.                                    :       CIVIL NO. 3:22-cv-1095
                                            :
NATIONAL FIRE & MARINE INSURANCE    :
COMPANY                                     
                                            :
        Defendant.                :       AUGUST 30, 2022
_____:

## NOTICE OF REMOVAL

         Defendant National Fire & Marine Insurance Company, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the above-entitled action from the Connecticut Superior Court for the Judicial District of Waterbury (the "State Court Action") to the United States District Court for the District of Connecticut.  In support of this Notice, National Fire & Marine Insurance Company states as follows:

         1.    The Complaint in the State Court Action is dated August 1, 2022.  It was filed in the Superior Court on August 4, 2022 and assigned Docket No. UWY-CV22-6066745-S.

         2.    On or about August 1, 2022, National Fire & Marine Insurance Company was served with the Complaint in the State Court Action via substitute service on the Connecticut Commissioner of Insurance.  National Fire & Marine Insurance Company received a copy of the Complaint on or about August 5th, 2022.  As explained by numerous district courts within this Circuit, "[w]hen service of process is made upon a statutory agent rather than on the defendant personally, the thirty-day period during which the defendant may remove the case does not begin with service upon the agent, but rather, when the defendant receives personal service of the

summons and complaint." *Londregan v.CUNA Mut. Ins. Soc'y,* No. 3:09-CV-1540 (MRK), 2009 WL 4730441, at *3 (D. Conn. Dec. 7, 2009) (concluding that time for removal under U.S.C. § 1446 (b) begins to run when defendant actually receives summons and complaint and not when service is made on Connecticut's Office of Insurance Commissioner).  Pursuant to 28 U.S.C. § 1446 (a), copies of all process, pleadings and orders served upon Defendant are attached hereto as **Exhibit A**.  A copy of the Return of Service in the State Court Action is attached hereto as **Exhibit B**.

3.   This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) and Rule 6 of the Federal Rules of Civil Procedure because it is filed within thirty (30) days of Defendant's initial receipt of the Complaint, which constitutes the "pleading . . . from which it may first be ascertained that the case is on which is . . . removable." 28 U.S.C. §1446(b).

4.   The ground for removal is diversity of citizenship under 28 U.S.C. §1332, insofar as Defendant and Plaintiff are currently citizens of different states and have been citizens of different states since this action was commenced.  Specifically:

   a. Plaintiff is a Connecticut limited liability company operating a business at 856 Echo Lake Road, Watertown, CT 06795.

   b. National Fire & Marine Insurance Company is, and at all times was, incorporated under the laws of Nebraska, and its principal place of business is, and at all material times has been in Nebraska.

5.   In addition, as required by 28 U.S.C. § 1332(a), the amount in controversy is in excess of $75,000.00.  Pursuant to the Connecticut General Statutes, Plaintiff set forth a separate demand for relief in which it claims damages in excess of $15,000.00, exclusive of interests and

costs.  *See* Conn. Gen. Stat. § 52-01 ("When money damages are sought in the demand for relief, the demand for relief shall set forth: (1) That the amount . . . in demand is fifteen thousand dollars or more, exclusive of interest and costs. . . ."); *see also Vermande v. Hyundai Motor America, Inc.*, 352 F. Supp. 2d 195, 197 (D. Conn. 2004) ("Connecticut does not require a plaintiff to state the precise amount sought in litigation but only requires a plaintiff to allege whether more than $15,000 is in dispute").  Plaintiff seeks damages based on, *inter alia,* Defendant's alleged breach of contract.  Plaintiff's latest demand was in excess of $1.75 million.

6.   Because there is complete diversity of citizenship and because it is reasonably probable that the amount in controversy exceeds $75.000.00, this Court has jurisdiction under the provisions of 28 U.S.C. § 1441(b).

7.   Defendant National Fire & Marine Insurance Company will file a copy of this Notice of Removal with the Clerk of the Connecticut Superior Court for the Judicial District of Waterbury pursuant to 28 U.S.C. § 1446(d).

8.   Defendant National Fire & Marine Insurance Company reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

NATIONAL FIRE & MARINE
INSURANCE COMPANY


By___/s/ *Peter R, Meggers*_____
   Gregory P. Varga (ct24103)
   Peter R. Meggers (ct29221)
   Robinson & Cole LLP
   280 Trumbull Street
   Hartford, CT 06103-3597
   Tel. No.: (860) 275-8200
   Fax No.: (860) 275-8299
   E-mail: gvarga@rc.com
   pmeggers@rc.com

**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 30 day

of August, 2022 to:


Michael T. McCormack
Amy E. Markim
O'Sullivan McCormack Jensen & Bliss PC
180 Glastonbury Boulevard, Suite 210
Glastonbury, CT 06033
mmccormack@omjblaw.com
amarkim@omjblaw.com

_____*Peter R. Meggers*_____
Peter R. Meggers