UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THERAPLANT, LLC :<br><br>   Plaintiff, :<br>V. :   CIVIL NO. 3:22-cv-01095-OAW<br> :<br>NATIONAL FIRE & MARINE INSURANCE :<br>COMPANY :<br> :<br>   Defendant. :<br> : | |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant, National Fire & Marine Insurance Company ("National Fire") by and through its attorneys, and for its Motion for Summary Judgment, states as follows:

Defendant moves for summary judgment for the reasons set forth more fully in its Brief in Support of Motion for Summary Judgment filed contemporaneously herewith and incorporated herein by reference.

This matter involves an insurance coverage dispute over a February 8, 2020 fire in a flowering room at Plaintiff Theraplant LLC's ("Theraplant") cannabis production facility. The fire damaged walls, equipment, and 998 marijuana plants in the room. Theraplant's insurance policy covers building and personal property damage, but does not cover damage to cannabis crops or products. The parties have no dispute over National Fire's payments for damage to Theraplant's building and personal property. The parties' sole dispute is over Theraplant's claim for business income loss under the Policy.

The Policy provides coverage for business income loss, but such a loss must be caused by a suspension of operations caused by damage to **covered property**, not by damage to cannabis

crops that the Policy does not cover. In this case, Theraplant had to dispose of the 998 plants in the flowering room and took two months to repair damage to the room. However, the room's two-month unavailability had no effect on Theraplant's production process. Theraplant's only alleged losses came from its inability to sell products derived from the damaged crops, property not covered by the Policy. Accordingly, there is no coverage for Theraplant's business income loss.

The Policy also limits business income coverage to losses sustained during the "period of restoration," which the Policy defines as beginning seventy-two hours after the loss and ending when the building is repaired or should have been repaired. In this case, there is no dispute that the flowering room was repaired by April 12, 2020. However, products derived from the damaged plants would not have been sold for at least four to seven months after the fire. Theraplant's Rule 30(b)(6) witnesses have admitted that the company experienced no actual loss of income from the fire during the period of restoration. Accordingly, even if Theraplant could establish that its business income loss was related to its suspension of operations, its losses fell well outside the period of restoration and are not covered.

Finally, even if Theraplant's business income losses are covered, they are subject to a $166,666.67 monthly limit of indemnity. Since the period of restoration for damage to covered property lasted 59 days, Theraplant's coverage is limited to $333,333.33.

For these reasons and those set forth in Defendant's Brief in Support of Motion for Summary Judgment, which is incorporated herein by reference, Defendant is entitled to summary judgment.

FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC

<u>/s/ Brian E. Devilling</u>
MATTHEW S. PONZI
BRIAN E. DEVILLING
FORAN GLENNON PALANDECH PONZI &
RUDLOFF PC
222 North LaSalle St.
14th Floor
Chicago, IL 60601
(312) 863-5000
***Attorneys for Defendant***

## PROOF OF SERVICE

The undersigned does hereby swear and affirm that he served a copy of the foregoing document on all counsel of record on February 23, 2024

<u>/s/ Brian E. Devilling</u>
